IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00234-BNB

WOLF, also known as
WESLEY R. "WOLF" BROWN, also known as
WESLEY R. BROWN, also known as
WESLEY BROWN,

       Plaintiff,

v.

JOHN W. SUTHERS, CO. Attorney General, and
DIANE MARIE DASH, Sr. Assist. A.G.,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED *IN FORMA PAUPERIS MOTION* AND AMENDED COMPLAINT

---

       Plaintiff, Wolf, also known as Wesley R. "Wolf" Brown (Mr. Brown) among other aliases, alleges that he is homeless.  He filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  The Court reviewed the documents and determined they were deficient.  Therefore, on February 4, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Brown to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

       The February 4 order pointed out that, among other deficiencies, Mr. Brown failed to submit either the $350.00 filing fee or a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with a properly notarized affidavit, and that the names in the caption to the motion and affidavit failed to match the names in the caption

to the Complaint.  In the § 1915 motion and affidavit Mr. Brown submitted on January

30, 2013, he alleged he was unable to afford notarization of his § 1915 motion.  Mr.

Brown has failed within the time allowed to cure this deficiency.

However, in the alternative, Mr. Brown, pursuant to 28 U.S.C. § 1746, may elect

to provide an unsworn declaration under penalty of perjury to attest to the truthfulness of

his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  An

unsworn declaration must follow the format set forth in § 1746(2).  Therefore, the Court

will not dismiss this action at this time for failure to cure deficiencies.  Mr. Brown will be

allowed a final opportunity to submit an amended Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 with an unsworn declaration pursuant to § 1746.

In addition, for the reasons stated below, he also will be directed to file an amended

Complaint on the proper, Court-approved form if he wishes to pursue his claims in this

action.

The Court must construe the Complaint liberally because Mr. Brown is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint and finds that it is deficient because it

fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See

Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

2

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Brown fails to use all pages of the Court-approved Complaint form and fails

to provide a short and plain statement of his claims showing that he is entitled to relief,

although it appears he may be attacking a state court proceeding, and he fails to

provide a clear statement of the relief he seeks.  It is not clear why Mr. Brown is suing

the named Defendants in this Court in this action or what relief he seeks from the

Defendants.  In short, the Prisoner Complaint makes no sense.  Therefore, Mr. Brown

must file an amended Complaint using all pages of the Court-approved Complaint form

if he wishes to pursue his claims in this action.

Mr. Brown must identify, clearly and concisely and in plain language, who he is

suing, the specific claims he is asserting, the specific facts that support each asserted

claim, against which Defendant or Defendants he is asserting each claim, and what

each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in

federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Brown should name as Defendants in his amended Complaint only those persons that he contends actually violated his federal constitutional rights.

Accordingly, it is

ORDERED that Plaintiff, Wolf, also known as Wesley R. "Wolf" Brown among other aliases, cure the deficiency identified in this order **within thirty (30) days from the date of this order** by submitting to the Court an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an unsworn declaration that follows the format set forth in 28 U.S.C. § 1746(2).  It is

4

FURTHER ORDERED that Mr. Brown file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Brown shall obtain the Court-approved forms for filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint, along with the applicable instructions, at www.cod.uscourts.gov, or by visiting this Court's Office of the Clerk.  It is

FURTHER ORDERED that Mr. Brown use all pages of the Court-approved Complaint form in submitting the amended Complaint.  It is

FURTHER ORDERED that, if Mr. Brown fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the clerk of the Court mail Mr. Brown a copy of this order at the address he has provided, P.O. Box 390351, Denver, CO 80239-1351.

DATED March 12, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge