IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00234-BNB

WOLF, also known as
WESLEY R. "WOLF" BROWN, also known as
WESLEY R. BROWN, also known as
WESLEY BROWN,

    Plaintiff,

v.

JOHN W. SUTHERS, CO. Attorney Gen., and
DIANE MARIE DASH, Sr. Assist. A.G., and
DISTRICT COURT, Denver County, Colorado Re: Cs# 12CV4220

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Wolf, also known as Wesley R. "Wolf" Brown (Mr. Brown) among other aliases listed in the caption to this order, alleges that he is homeless. On January 30, 2013, he filed *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). On March 12, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Brown to file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an unsworn declaration pursuant to 28 U.S.C. § 1746(2) and an amended Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On April 30, 2013, Mr. Brown filed *pro se* an amended Complaint (ECF No. 10) pursuant to 42 U.S.C. § 1983 with 144 pages of attachments, an amended Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8) with an unsworn declaration pursuant to § 1746(2), and a motion to amend (ECF No. 9) the amended § 1915 motion. The amended § 1915 motion (ECF No. 8) will be granted, and the § 1915 motion (ECF No. 3) will be denied as moot. The motion to amend (ECF No. 9) will be denied as unnecessary.

The Court must construe the amended Complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the amended Complaint will be dismissed.

The Court has reviewed the amended complaint and finds that it fails to comply with the pleading requirements of Rule 8. As Mr. Brown was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant

did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Construing liberally the amended Complaint, Mr. Brown appears to complain that Defendants John W. Suthers, state attorney general, and Diane Marie Dash, senior assistant attorney general, are obstructing justice in a case he filed in Denver District Court, *Wolf v. Sloan*, No. 12-cv-4220. He further contends Mr. Suthers has supervisory liability for the actions of Ms. Dash. However, he fails to make clear what actions, if any, by Defendants have violated his constitutional rights. Apparently, he filed the instant action to complain about the actions, or lack thereof, taken in No. 12-cv-4220 in state court. He also references two closed cases he initiated in this Court, *see Brown v. Cooke*, No. 06-cv-01092-MSK-CBS (D. Colo. Mar. 9, 2009), and *Brown v. Dennis*, No. 06-cv-01904-MSK-CBS (D. Colo. June 5, 2007), as examples of past dealings with, and

a continuing injury by, the state attorney general's office. He asks for declaratory relief and unspecified money damages.

As an initial matter, Mr. Brown is advised that if he disagreed with the resolution of No. 06-cv-01904-MSK-CBS, he could have appealed that federal district court decision to the United States Court of Appeals for the Tenth Circuit, which he did and which affirmed the decision in No. 06-cv-01092-MSK-CBS. *See* No. 09-1144 (10th Cir. Jan. 22, 2010) (ECF No. 160 in No. 06-cv-01092-MSK-CBS).

He also may not seek review in this Court of any adverse judgments entered in state court cases because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). However, because it is

not clear what specific claims Mr. Brown is asserting or whether final judgment has been entered in the state court case, the Court will not dismiss this action pursuant to the *Rooker-Feldman* doctrine.  Instead, the Court will dismiss the action for failure to comply with Rule 8.

Mr. Brown invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  However, the Court agrees with Magistrate Judge Boland that Mr. Brown fails to provide a short and plain statement of any federal claims showing that he is entitled to relief.  Pursuant to § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things:  either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotation marks omitted).

Although Mr. Brown does refer in the amended complaint to § 1983, he fails to allege facts that might state a cognizable claim under § 1983.  Moreover, he may not sue John Suthers in his supervisory capacity only, and fails to allege facts demonstrating his personal participation or the personal participation of Ms. Dash in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Brown must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Mr. Brown fails to allege facts that demonstrate such an affirmative link.

A supervisory official, such as John Suthers, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Mr. Brown fails to do so. In addition, Mr. Suthers, as the attorney general of the state of Colorado, serves in his official capacity in the State's executive department. Colo. Const. art. IV, § 1. His office is an arm of the State and he is entitled to Eleventh Amendment immunity. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978) (noting that official capacity suits "generally represent only another way of pleading an action

against an entity of which an officer is an agent"); *see also Meade v. Grubbs*, 841 F.2d 1512, 1525 (1991).

Mr. Brown also may not sue the Denver District Court. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade*, 841 F.2d at 1525-26. "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Defendant District Court, a judicial district court, is considered a state constitutional court under Colo. Const. art. VI, § 10, and therefore is immune from suit under the Eleventh Amendment.

Even if Mr. Brown could subject Defendants to suit under § 1983, he fails to provide a short and plain statement of any facts to support a federal claim under § 1983. Despite specific instructions from Magistrate Judge Boland, Mr. Brown does not explain what each Defendant did to him, when each Defendant did it, how each Defendant's action harmed him, and what specific legal right he believes each Defendant violated. *See Nasious*, 492 F.3d at 1163. Therefore, the action will be dismissed for failure to file an amended Complaint that complies with Rule 8 as directed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Brown files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8) is granted. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot. It is

FURTHER ORDERED that the motion to amend (ECF No. 9) is denied as unnecessary. It is

FURTHER ORDERED that the amended Complaint (ECF No. 10) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Wolf, also known as Wesley R. "Wolf" Brown among other aliases listed in the caption to this order, to file an amended Complaint that complies with the pleading requirements of Rule 8 and the directives of the order of March 12, 2013 (ECF No. 5). It is

FURTHER ORDERED that Defendants John Suthers and Denver District Court and the claims asserted against them are dismissed with prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

FURTHER ORDERED that the clerk of the Court mail Mr. Brown a copy of this order at the address he has provided, P.O. Box 390351, Denver, CO 80239-1351.

DATED at Denver, Colorado, this  8th  day of     May     , 2013.

BY THE COURT:


　　s/Lewis T. Babcock
　　LEWIS T. BABCOCK, Senior Judge
　　United States District Court